VINCENZO CENZOPRANO and FRANCESCA SIMONETTI, Plaintiffs, *v.* VALESKA KRETZ, Defendant.

Supreme Court, Kings Special Term, May, 1923.

**Vendor and purchaser — contract to convey real property — specific performance — when variance of christian name of former owner immaterial.**

Although the contract for the purchase of real property was signed by Louis Best and Marie, his wife, the title was taken in the names of " Louis Best and Christian Best " by a deed which contained no description of the grantees and nothing to show their relationship or sex except as might be inferred from the christian names used. Subsequently " Christena " Best, by a deed making no reference to the deed to Louis Best and Christian Best, conveyed all " her interest " in the same property to him. Three or four years later and for the purpose of correcting the omission by mistake from her said deed of the words

Supreme Court, May, 1923. [Vol. 120

" the undivided one-half part of, in and to," Christena by a deed in which she was described as a widow conveyed to Louis Best all the undivided interest held by her in said property. *Held*, that the deeds made by " Christena " Best to Louis Best were executed by the grantee who in the prior deed was named " Christian." In an action to recover the down payment the defendant will be granted a decree of specific performance.

ACTION to recover down payment on purchase of land.

*Giaconne & Richard* (*Harry B. Richard*, of counsel), for plaintiffs.

*Weismann & Hertz* (*Milton Hertz*, of counsel), for defendant.

CROPSEY, J. The only claimed defect in the title is in the fact that in a prior deed the christian name of one of the grantees appears as " Christian," while in the following conveyance the christian name of the grantor appears to be " Christena." The first deed mentioned was made to " Louis Best and Christian Best." It contained no description of the grantees and nothing to show their relationship or their sex, except as that might be inferred from the christian names that were used. There is nothing to show what each grantee took; hence they became tenants in common, each holding an undivided one-half interest. Three years after that deed was made the record shows a conveyance by " Christena " Best to Louis Best. The grantor is evidently a woman, for the deed conveys all " her interest " in the property, which is the subject of the prior deed, although this conveyance made no reference to such prior deed. Three or four years later there was a correction deed made by " Christena " Best, in which she is described as a widow, to Louis Best, reciting the prior deed between the same parties and stating that by mistake the words " the undivided one-half part of, in and to " were omitted. The correction deed which covers the same premises was made to convey all the undivided one-half interest which was held by the grantor. The plaintiffs claim there is nothing to show that the grantor in those deeds was the same person as the grantee mentioned in the prior deed. It is evident that Christena Best was not the wife of Louis Best. Louis' wife was named Marie, as appears in a deed by which he conveyed the premises to a predecessor in title to the defendant, and the contract for the purchase of this property when it was bought by the Bests was made and signed by Marie Best, although the deed was taken in the names of Louis and Christian Best. The other evidence in the case shows that that transaction was closed in the office of an experienced and careful firm of attorneys in Brooklyn, doing a large real estate business, and the indorsements upon the papers used in connection with the matter indicate without question that the grantees in the deed to

be drawn vesting the title originally in the Bests were to be Louis Best and Christena Best. This helps to identify the grantees and shows that the grantee in question was the one who later conveyed her undivided one-half interest to her cotenant. I find as a fact that the deeds made by Christena Best to Louis Best were made by the grantee in the prior deed who is named therein as Christian. Hence I give judgment for the defendant upon the counterclaim decreeing specific performance. No costs. Settle findings and judgment on notice.

Judgment accordingly.